# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ASHLEY A.,

              Plaintiff,

v.

FRANK BISIGNANO, *Commissioner of Social Security*,

              Defendant.

Case No. 25-cv-745 (LMP/DTS)

**ORDER ADOPTING
REPORT AND RECOMMENDATION**

Edward C. Olson, **Reitan Law Office, Minneapolis, MN**; and Clifford Michael Farrell, **Manring & Farrell, Dublin, OH**, for Plaintiff.

Ana H. Voss, **United States Attorney's Office, Minneapolis, MN**; James D. Sides, Craig Hundley, and Sophie Doroba, **Social Security Administration, Baltimore, MD**, for Defendant.

Plaintiff Ashley A. seeks judicial review of the denial of her application for Supplemental Security Income ("SSI") benefits by a Social Security Administration administrative law judge ("ALJ"). *See* ECF No. 1. On September 17, 2025, United States Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") recommending that the ALJ's decision be affirmed. *See* ECF No. 14. Ashley A. timely objected to the R&R, ECF No. 16, so this Court reviews the conclusions in the R&R that Ashley A. challenges de novo, Fed. R. Civ. P. 72(b)(3). However, portions of the R&R to which Ashley A. does not object are reviewed only for clear error. *Braun v. Minnesota*,

No. 22-cv-710 (JRT/JFD), 2022 WL 17038976, at *3 (D. Minn. Nov. 17, 2022) (citing Fed.

R. Civ. P. 72(b) advisory committee's note to 1983 amendment).  For the following reasons,

the Court overrules Ashley A.'s objection, adopts the R&R, and affirms the ALJ's decision.

## BACKGROUND[1]

Ashley A. applied for SSI benefits in July 2019, alleging disability beginning on

December 1, 2017, due to anxiety, post-traumatic stress disorder ("PTSD"), obsessive-

compulsive disorder, lumbar disc disease, diabetes, arthritis, agoraphobia, ulcers, kidney

stones, and bone spurs.  ECF No. 8 at 19, 588.  After her claims were denied initially and

on reconsideration, *id.* at 210, 220, Ashley A. requested a hearing before an ALJ, *id.* at 227.

The ALJ found that Ashley A. was not disabled.  ECF No. 8-1 at 86–99.  Ashley A. sought

judicial review of that decision, and a federal district court remanded the case to the ALJ.

*Id.* at 119–41.  After additional hearings, the ALJ issued a second decision in September

2024, finding once again that Ashley A. was not disabled.  *Id.* at 2–28.

Relevant here, the ALJ considered the opinions of two state agency psychologists,

writing:

> Jeffrey Boyd, PhD, LP, the Disability Determination Services psychological
> consultant at the initial level, rated the "paragraph B" criteria as: Mild,
> Moderate, Moderate, Moderate and provided work restrictions. Specifically,
> he found the claimant capable of concentrating on, understanding, and
> remembering simple and moderately complex instructions.  He found her
> able to carry out routine, repetitive tasks.  He found her capable of handling
> brief, infrequent and superficial contact with coworkers and the general
> public and able to tolerate ordinary levels of supervision found in a
> customary work setting.  Lastly, he found the claimant able to handle the
> routine stresses of a routine, repetitive work setting.  On reconsideration,

---

[1]    Ashley A. does not object to the R&R's recitation of the factual background of this
case, so the Court adopts the R&R's factual background here.

Mary Sullivan, Ph.D., concurred with Dr. Boyd's assessment and adopted his opined limitations in their entirety.

*Id.* at 24.  The ALJ found Dr. Boyd's and Dr. Sullivan's opinions partially persuasive:

only insofar as they indicate that there are indeed limitations in the areas of: understanding, remembering, and applying information; interacting with others; concentrating, persisting, and maintaining pace; and adapting and managing oneself.  The undersigned accordingly finds generally persuasive and adopts most of the consultants' opined "paragraph B" limitations but finds the claimant moderate[] across the board for reasons articulated under Finding #4.  The undersigned however does not find the consultants' opined work restrictions fully persuasive.  To begin with, the undersigned finds the overall record as supporting some degree of limitation on the claimant's workplace interactions, but brief and superficial is not supported.  The weight of the record supports limiting the frequency of interactions rather than the type.  Accordingly, the undersigned addressed moderate limitation in the claimant's ability to interact with others by limiting her to occasional[] interaction with coworkers and supervisors and no interaction with the public.

*Id.*

Ashley A. sought judicial review of the ALJ's decision, arguing that the ALJ improperly rejected the agency psychologists' opinions that Ashley A. should be limited to brief and superficial social interactions.[2]  ECF No. 10 at 8–12.  The R&R rejected that argument, concluding that substantial evidence supported the ALJ's decision to reject those

---

[2]    Before the Magistrate Judge, Ashley A. also challenged the ALJ's evaluation of her treating provider, Ms. Wodich.  ECF No. 10 at 12–16.  The R&R rejected that challenge, concluding that the ALJ's treatment of Ms. Wodich's opinion was supported by substantial evidence.  ECF No. 14 at 9–15.  Ashley A. did not object to the R&R's conclusion that substantial evidence supported the ALJ's treatment of Ms. Wodich's opinion, *see* ECF No. 16, so the Court reviews that conclusion for clear error, *Braun*, 2022 WL 17038976, at *3.  Discerning no clear error in the R&R's analysis, the Court adopts the portion of the R&R dealing with Ms. Wodich's opinion.

opinions. ECF No. 14 at 4–9. Ashley A. now objects to the R&R's conclusion with respect to the ALJ's treatment of the agency psychologists' opinions. ECF No. 16 at 2–4.

## ANALYSIS

An ALJ is "free to accept some, but not all, of a medical opinion." *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022). However, the ALJ's findings must be supported by substantial evidence. *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000). "Substantial evidence is less than a preponderance, but is enough so that a reasonable mind would find it adequate to support the ALJ's conclusion." *Id.* A reviewing court may not reverse the ALJ's decision "merely because substantial evidence exists in the record that would have supported a contrary outcome." *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000). Part of the substantial-evidence test is examining whether the ALJ created a "logical bridge" between the evidence and her conclusions. *Catrina W. v. O'Malley*, No. 23-cv-2975 (JMB/DJF), 2024 WL 5494521, at *3 (D. Minn. Oct. 31, 2024). In other words, a court must be able to "trace the path of the ALJ's reasoning." *Jacobs v. Astrue*, No. 08-cv-431 (JMR/JJK), 2009 WL 943859, at *3 (D. Minn. Apr. 6, 2009) (citation omitted). In building that logical bridge, however, the ALJ need not "list and reject every possible limitation," *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011), nor "explicitly reconcile every conflicting shred of medical evidence," *Austin*, 52 F.4th at 729 (citation modified).

With this framework in mind, the Court considers Ashley A.'s argument that there was "no actual analysis [in the ALJ's order] supporting the ALJ's conclusion to reject a limitation to 'brief' and 'superficial' interaction." ECF No. 16 at 3. With respect to the agency psychologists' opinions of Ashley A.'s social interaction limitations, the ALJ stated

that the "overall record . . . support[ed] some degree of limitation on [Ashley A.'s] workplace interactions, but brief and superficial is not supported," and that the "weight of the record supports limiting the frequency of interactions rather than the type." ECF No. 8-1 at 24. The ALJ explained that she "addressed moderate limitation in [Ashley A.'s] ability to interact with others by limiting her to occasional[] interaction with coworkers and supervisors and no interaction with the public." *Id.*

It is true that, in isolation, this paragraph of the ALJ's decision does not discuss record evidence in any meaningful detail. But the Court does not review the ALJ's decision in isolated pieces; rather, the Court considers the ALJ's decision "on the record as a whole." *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010) (citation omitted); *see Tria V.H. v. Colvin*, No. 23-cv-2979 (KMM/SGE), 2025 WL 66505, at *3 (D. Minn. Jan. 10, 2025) (rejecting argument that ALJ's consideration of limitations on social interactions was insufficient because "[e]lsewhere in the written decision the ALJ fully discussed the evidence regarding Plaintiff's ability to interact with others"). When reviewing the record as a whole, the ALJ's decision to partially reject the agency psychologists' conclusions was adequately explained and supported by substantial evidence.

In the paragraphs preceding the ALJ's conclusion rejecting the agency psychologists' opinions that Ashley A. should be limited to "brief" and "superficial" social interactions, the ALJ discussed several instances of Ashley A. successfully interacting with family, friends, and members of the public. *See* ECF No. 8-1 at 22 (discussing Ashley A. being the "cook and caregiver for a group she liked"); *id.* (discussing Ashley A. "[getting] along well with her boyfriend and adult daughter" and "shopp[ing] for groceries two to

5

three times weekly at a small local grocery store"); *id.* at 23 (noting that Ashley A. was "pushing herself to go out with her boyfriend and reported she has gone to a pool hall and stayed the evening"). The ALJ further rejected Ashley A.'s assertion that she had "significant difficulty" in "interacting with others" by noting that "treatment records show [her] to be pleasant and cooperative and interacting normally with treating providers." *Id.* at 12. The ALJ also observed that Ashley A. reported "socializing with family" and "having a large network of support including friends and family members, which indicates an ability to maintain relationships with others." *Id.* at 12–13. The ALJ further noted Ashley A.'s history of conservative treatment which, to the ALJ, undermined the alleged severity of Ashley A.'s inability to interact with others. *Id.* at 23.

Ashley A. asserts that it is "unclear how these facts contradict a limitation to superficial interaction," ECF No. 16 at 3–4, but it makes logical sense that if a claimant is able to maintain "socializing with family, being the cook and caregiver for a group, and having a large network of support including friends and family members," all with a conservative treatment regimen, then the claimant is able to maintain more than "brief" and "superficial" social interactions. Courts have held that similar types of evidence undermine claims that an ALJ should have imposed more stringent limitations on social interaction. *See Cassandra O. v. Kijakazi*, No. 22-cv-1587 (ECT/DTS), 2023 WL 3558155, at *1–3 (D. Minn. May 18, 2023) (affirming ALJ's conclusion that plaintiff could have "occasional interactions with co-workers and supervisors" and noting that the ALJ described the plaintiff's "experience of getting along with supervisors, her ability to spend most of her time with her mother, and her ability to maintain friendships, therapy, and

relationships with medical providers"); *Tria V.H. v. O'Malley*, No. 23-cv-2979 (KMM/SGE), 2024 WL 5381448, at *5 (D. Minn. Nov. 25, 2024) (holding that an ALJ adequately explained why more stringent limitations on interactions were not warranted when the ALJ observed that the plaintiff traveled with family, had childcare duties, and reported walking in the mall for several hours a day), *report and recommendation adopted*, 2025 WL 66505 (D. Minn. Jan. 10, 2025); *Swarthout v. Kijakazi*, 35 F.4th 608, 612 (8th Cir. 2022) (holding that an ALJ "properly cited" the plaintiff's "conservative treatment plan" as a "factor[] that undermined her claim of severe disabling conditions"). The evidence cited by the ALJ "logically tied" the record evidence to the ALJ's conclusion about Ashley A.'s limitations on interaction, which satisfies the substantial-evidence requirement. *Cassandra O.*, 2023 WL 3558155, at *2.

Ashley A. further targets the ALJ's conclusion that the "weight of the record supports limiting the frequency of interactions rather than the type," ECF No. 8-1 at 24, arguing that it is unclear how the evidence cited by the ALJ "supports a moderate limitation restricting the frequency of [Ashley A.'s] ability to interact with others, but does not support a moderate limitation restricting the quality of [her] ability to interact with others," ECF No. 16 at 4. But this is just another way of objecting to the ALJ's decision to accept the "infrequent" limitation on interactions while rejecting the "brief" and "superficial" limitations. After all, a "superficial contact" limitation "goes to the *quality* of the interaction," while an "infrequent" contact limitation, as the name suggests, relates to the frequency of interactions. *See Gary L. L. v. Kijakazi*, No. 23-cv-17 (KMM/ECW), 2023 WL 7535002, at *6 (D. Minn. Oct. 11, 2023) (emphasis added) (citation omitted).

7

Therefore, the ALJ's statement that the "weight of the record supports limiting the frequency of interactions rather than the type" was just another way of saying that the ALJ was rejecting the "brief" and "superficial" contact limitations while accepting the "infrequent contact" limitation. As discussed above, substantial evidence supports the ALJ's decision to do so.

As with most Social Security cases, there is also evidence in the record supporting the agency psychologists' opinions that Ashley A. should be limited to brief and superficial contact with others. *See* ECF No. 14 at 8. But that's irrelevant: a reviewing court does not reverse an ALJ's decision "merely because substantial evidence exists in the record that would have supported a contrary outcome." *Young*, 221 F.3d at 1068. Rather, all that is required is that the ALJ's decision allows the Court to "trace the path of the ALJ's reasoning." *Jacobs*, 2009 WL 943859, at *3. The Court is able to do so here, which means that the ALJ's decision must be affirmed.

## CONCLUSION

Based upon all the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

1.    Ashley A.'s Objection (ECF No. 16) is **OVERRULED**;

2.    Ashley A.'s Motion (ECF No. 10) is **DENIED**;

3.    The Commissioner's Motion (ECF No. 12) is **GRANTED**;

4.    The Report and Recommendation (ECF No. 14) is **ADOPTED IN FULL**;

5.    The ALJ's Decision Denying Ashley A.'s Application for Benefits is **AFFIRMED**; and

6.       This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 1, 2025            *s/Laura M. Provinzino*
                                           Laura M. Provinzino
                                           United States District Judge